UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KEVIN HAYES,<br>         Plaintiff,<br><br>     v.<br><br>TOWN OF UXBRIDGE, et al.,<br>         Defendants. | CIVIL ACTION<br>NO. 13-40102-TSH |

## ORDER

### October 28, 2013

Hennessy, M.J.

By Order of Reference dated October 23, 2013, pursuant to 28 U.S.C. § 636(b)(1)(A) (Docket #10), this matter was referred to me for a ruling on the Defendant Thomas J. Alexander's Motion to Appoint Counsel (Docket #4).

I.  BACKGROUND

Plaintiff Kevin Hayes filed the instant suit on August 28, 2013 against the Uxbridge Police Department, several officers of the Uxbridge Police Department, both individually and in their official capacities as members of the Uxbridge Police Department, and Thomas J. Alexander. (Docket #1). The suit arises out of an alleged altercation between Hayes and Alexander and Hayes' subsequent arrest by the Uxbridge Police Department. (Id.). Against Alexander, Hayes asserts claims of assault, battery, trespass to property, and intentional infliction of emotional distress. (Id. at 11-13).

On September 24, 2013, Alexander filed the instant motion. (Docket #4). He states that he is a Rhode Island resident and is completely disabled. (Id. at 1). He also states that he has

been unsuccessful in his attempts to engage counsel. (Id.). Alexander has not filled out a financial affidavit nor does he provide any financial information in his motion to the Court. He also does not indicate if he has been found disabled by the Social Security Administration or from what disability he suffers.

II.     ANALYSIS

In a civil case, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The decision to appoint pro bono counsel is discretionary; a plaintiff does not have a constitutional or statutory right to appointed counsel. Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996); DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In determining whether to appoint counsel in a civil case, the party seeking counsel must show that he was indigent and that exceptional circumstances are present. DesRosiers, 949 F.2d at 23. Assuming the party establishes indigency, to determine whether exceptional circumstances are present to warrant the appointment of counsel, "a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Id. at 24.

The facts in this case do not appear to be unusually complex. All claims against Alexander arise out of the alleged altercation. The legal issues surrounding the claims against Alexander – assault, battery, trespass to property, and intentional infliction of emotional distress – are not beyond a layman's comprehension. "Such a combination – readily mastered facts and straightforward law – strongly suggests that appointed counsel should be denied in a civil case." Id. However, in his motion to the Court, Alexander indicates that he is completely disabled. The Court is unaware of the nature of his disability. A mental disability may impact Alexander's ability to represent himself in this case.

Therefore, Alexander is hereby ORDERED to submit under seal to this Court, by November 18, 2013, the attached financial affidavit form the Clerk of Court will attach to this Order.  Alexander is additionally ORDERED to submit an affidavit detailing his disability and how such disability may impact his ability to represent himself in this case.

III.   CONCLUSION

Alexander is hereby ORDERED to submit under seal to this Court, by November 18, 2013, the attached financial affidavit form the Clerk of Court will attach to this Order. Alexander is additionally ORDERED to submit an affidavit detailing his disability and how such disability may impact his ability to represent himself in this case.  Failure to submit the required affidavits by November 18, 2013, will result in denial of the Motion to Appoint Counsel.

                                            /S/ David H. Hennessy  
                                            David H. Hennessy  
                                            UNITED STATES MAGISTRATE JUDGE