UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KEVIN HAYES,<br>             Plaintiff,<br><br>     v.<br><br>TOWN OF UXBRIDGE, et al.,<br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)     CIVIL ACTION<br>)     NO. 13-40102-TSH<br>)<br>)<br>) |

## ORDER

**February 26, 2013**

Hennessy, M.J.

By Order of Reference dated October 23, 2013, pursuant to 28 U.S.C. § 636(b)(1)(A) (Docket #10), this matter was referred to me for a ruling on the Defendant Thomas J. Alexander's Motion to Appoint Counsel (Docket #4). On October 28, 2013, the undersigned entered an Order directing Alexander to complete a financial affidavit and to submit an affidavit detailing his disability and how such disability might impact his ability to represent himself in this case. (Docket #11). Alexander submitted the requested documents on November 13, 2013. (Docket #16). This matter is now ripe for adjudication.

I.   BACKGROUND

Plaintiff Kevin Hayes filed the instant suit on August 28, 2013 against the Uxbridge Police Department, several officers of the Uxbridge Police Department, both individually and in their official capacities as members of the Uxbridge Police Department, and Thomas J. Alexander. (Docket #1). The suit arises out of an alleged altercation between Hayes and Alexander and Hayes' subsequent arrest by the Uxbridge Police Department. (Id.). Against

Alexander, Hayes asserts claims of assault, battery, trespass to property, and intentional infliction of emotional distress. (Id. at 11-13).

On September 24, 2013, Alexander filed the instant motion. (Docket #4). He stated that he is a Rhode Island resident and is completely disabled. (Id. at 1). He also stated that he has been unsuccessful in his attempts to engage counsel. (Id.). While Alexander stated that he was completely disabled, he did not indicate the nature of his disability. On October 28, 2013, the Court entered an Order directing Alexander to complete a financial affidavit and to submit an affidavit detailing his disability and how such disability might impact his ability to represent himself in this case. (Docket #11).

On November 16, 2013, Alexander submitted the requested financial affidavit and a package of fourteen pages documenting his medical condition. (Dockets #16, 16-1).

II.   ANALYSIS

In a civil case, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The decision to appoint pro bono counsel is discretionary; a party does not have a constitutional or statutory right to appointed counsel. Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996); DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In determining whether to appoint counsel in a civil case, the party seeking counsel must show that he is indigent and that exceptional circumstances are present. DesRosiers, 949 F.2d at 23. Assuming the party establishes indigency, to determine whether exceptional circumstances are present to warrant the appointment of counsel, "a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Id. at 24.

The Court has examined Alexander's submissions and determines that he is financially eligible for the appointment of counsel. After considering Alexander's sealed submission, the Court has also determined that exceptional circumstances exist warranting the appointment of counsel.

III. CONCLUSION

For the foregoing reasons, the Motion to Appoint Counsel (Docket #4) is ALLOWED.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE